**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY R. MARKS,** | ) | **CASE NO. 1:16CV2848** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

    This matter comes before the Court upon Plaintiff's Objections (ECF DKT #12) to the Report and Recommendation (ECF DKT #11) of Magistrate Judge David A. Ruiz, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 et seq. ("Act"). For the following reasons, the Court ADOPTS Magistrate Judge Ruiz' Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

1

## BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts. For a complete overview of Plaintiff's medical history, see Magistrate Judge Ruiz' Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On August 5, 2013, Plaintiff filed an Application for SSI benefits, alleging disability beginning May 28, 2013. Plaintiff's Application was denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on October 30, 2015. Plaintiff was represented by counsel at the hearing and testified. A vocational expert ("VE") also attended the hearing and provided testimony. On January 28, 2016, the ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner.

On November 22, 2016, Plaintiff filed the instant Complaint challenging the Commissioner's final decision and asserting that the ALJ erred when weighing the medical opinion evidence and when evaluating Plaintiff's credibility. On January 12, 2018, the Magistrate Judge issued his Report and Recommendation. On January 26, 2018, Plaintiff filed her Objections to the Magistrate Judge's Report and Recommendation. On January 31, 2018, Defendant filed a Response to Plaintiff's Objections.

## STANDARD OF REVIEW

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action is not *de novo*. *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010) report adopted by 2011 WL 233697 (N.D. Ohio 2011). Rather, a district court is limited to examining the entire administrative record to

determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Id. (citing Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005)). "Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *Id. (See Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)).

## LAW AND ANALYSIS

A claimant is entitled to receive SSI benefits only when she establishes disability within the meaning of the Social Security Act. See 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 416.905(a).

The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926), has no past relevant work and has not been under a disability, as defined in the Social Security Act, since August 5, 2013, the date the Application was filed. Plaintiff first argues that the ALJ failed to properly weigh the medical opinion evidence, specifically the opinion of Nicholas J. Ksenich, M.D.

Judicial review of the Commissioner's benefits decision is limited to a determination of whether the ALJ applied the correct legal standards, and whether the findings of the ALJ are supported by substantial evidence. *Blakley v. Commissioner of Social Security*, 581 F.3d 399, 405 (6th Cir. 2009). The ALJ found that Dr. Ksenich's opinion was inconsistent with his own treatment records and that the opinion was unsupported. When completing the Medical Impairment Questionnaire, Dr. Ksenich's responses were incomplete, did not provide any symptoms, diagnosis, clinical findings or

3

test results. The Magistrate Judge determined that Dr. Ksenich's use of a check-box format for his opinion did not provide enough explanation for the opinion. When responding to the Questionnaire, Dr. Ksenich indicated that there were notes attached that would explain his opinion, but he did not provide any.

In addition, Dr. Ksenich's treatment records indicated Plaintiff was not in any distress, maintained normal muscle tone, gait and coordination and radiology tests failed to reveal abnormalities. However, as the Magistrate Judge points out, Dr. Ksenich opined that Plaintiff was limited to less than sedentary exertion, with the ability to sit, stand and walk up to one hour in a workday, limitations that were not supported by the records. The Court agrees with the Magistrate Judge that the ALJ gave good reasons for discounting Dr. Ksenich's opinion.

Plaintiff also argues that the ALJ failed to properly evaluate her credibility. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must determine the claimant's credibility based on a consideration of the entire case record. *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007). Here, the ALJ assessed Plaintiff's complaints regarding her diagnosis of fibromyalgia by thoroughly considering the medical evidence, opinions, treatment history and Plaintiff's daily activities.

Social Security Ruling ("SSR") 12-2p sets forth the Social Security Administration's directions for evaluating fibromyalgia. SSR 12-2p; 2012 WL 3104869 (July 25, 2012). It also sets forth the manner to evaluate a person's statements about his or her symptoms and functional limitations (i.e. credibility). *Id.* The ALJ evaluated Plaintiff's statements regarding her symptoms and limitations. The ALJ also reviewed the medical evidence, including test results and treatment history. The Magistrate Judge points out that the ALJ also referred to records from the treating physician indicating that Plaintiff appeared well and was not in distress. The ALJ's decision also noted the treatment plans

recommended by several doctors that were meant to decrease Plaintiff's symptoms. The Court agrees with the Magistrate Judge that Plaintiff's assertion that the ALJ's credibility assessment was flawed, because the ALJ misunderstood fibromyalgia when considering the lack of objective evidence, is not well taken.

The ALJ reviewed Plaintiff's testimony that she participated in various physical and social activities and concluded that the pain symptoms were not as severe as alleged. Additionally, Plaintiff was advised by several doctors to start a home exercise program and to exercise three times per week for thirty minutes at a time. The doctors recommended that Plaintiff do weight bearing exercises, low impact aerobics, stair climbing, flexibility, strength training exercises and other similar treatment plans intended to reduce the symptoms of fibromyalgia. Based on the recommended exercises, the ALJ concluded that Plaintiff's claims of disabling symptoms were not credible. The Court agrees with the Magistrate Judge's determination that because "a reasonable mind might accept [the evidence] as adequate to support" the credibility determination, the court concludes that substantial evidence supports the ALJ's finding. *Norris v. Commissioner*, No. 11-5424, 2012 WL 372986, at *5 (6th Cir. Feb. 7, 2012) (citing *Rogers*, 486 F.3d at 241).

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Supplemental Security Income. Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #11) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: 2/7/2018**

                         *s/Christopher A. Boyko*
                         **CHRISTOPHER A. BOYKO**
                         **United States District Judge**